MAX LIVERIGHT ET AL. v. MARTIN E. GREENHOUSE.

1. It is necessary to the validity of an adjudication of fraud in contracting a debt, by misrepresentation of the collectibility of assets—where the proof is the alleged admission of the debtor—that enough details of time, circumstances and substance of language of the admission should be proved to establish that there was intentional falsehood in the representation.

2. A purpose of a debtor to remove or dispose of his property with intent to defraud his creditors is not established by proving his statement that the holder of a judgment against him will not execute his judgment except at his desire and except to protect him from his other creditors.

On *certiorari* to review the quashing of an attachment in Camden Circuit Court.

Argued at June Term, 1897, before Justices DIXON, LUDLOW and COLLINS.

For the plaintiffs, *Thomas E. French.*

For the defendant, *Henry I. Budd, Jr.*

The opinion of the court was delivered by

COLLINS, J. By virtue of an order made by a commissioner of this court, an attachment was issued out of the Cir-

cuit Court of Camden county against Martin E. Greenhouse. The order was based on the statute that authorizes an attachment in cases where a *capias ad respondendum* may issue in actions on contracts. *Gen. Stat., p.* 2601. It was therein adjudged that the defendant had fraudulently incurred an obligation to the plaintiffs, and also that he was about to remove or dispose of his property with intent to defraud his creditors.

After notice and hearing, a judge of the Circuit Court quashed this attachment, because the proof on which was rested the order for the writ was insufficient to sustain it. This court is now called on to review his action, the sole question argued being as to the sufficiency of such proof.

On the subject of fraud in the contract the only proof before the commissioner was contained in an affidavit of one of the plaintiffs, that on February 28th, 1896, Greenhouse, for the purpose of securing credit, gave the plaintiffs a statement of his financial condition, in which, among other things, he wrote that he had "Good book accounts, * * * $20,000," and added, "The outstanding accts. I have got more than I stated above, but I can safely say that the above stated may be all collected," and that upon the faith of this statement the plaintiffs, between August 31st and December 8th, 1896, sold and delivered to Greenhouse merchandise for which he was still indebted in the sum of $1,846.55. The affidavit proceeds as follows: "Deponent further avers that in said statement the said Martin E. Greenhouse represented to deponent's firm that he had $20,000 of good book accounts, which deponent avers to be false and untrue, and that said Martin E. Greenhouse has since admitted to deponent that the said book accounts are and were not good book accounts, and are and were not collectible."

This was not sufficient. The affiant should have narrated enough of details, of time, circumstances and language of the later statement of the defendant to afford an opportunity for judicial consideration of its effect as an admission of intentional falsehood in his former statement. Proof of facts from which a jury might infer fraud, on an issue involv-

ing it, was essential to the validity of the commissioner's adjudication. The conclusions and belief of the affiant were not competent evidence. *Kipp* v. *Chamberlin, Spenc.* 656; *Bowne* v. *Titus & Scudder,* 1 *Vroom* 341.

Not only did the affidavit fail to prove the alleged admission of the defendant, but the admission itself is stated too indefinitely to establish fraud in the contract. When was it made? When did the book accounts cease to be good and collectible? When did the defendant learn that they were not so? The affidavit is silent on these vital points.

On the subject of intended fraudulent disposition of property there was nothing before the commissioner except the following statement in said affidavit and a condensed corroboration thereof in the affidavit of another person:

"Deponent further avers that the said Martin E. Greenhouse is about to assign, remove and dispose of his property with intent to defraud his creditors, in that the said Martin E. Greenhouse has suffered to be recovered against him the aforesaid judgment by one Jacob Cartun, for the sum of $5,000 or more, which said judgment is collusive and, as deponent is informed, is to be used for the purpose of hindering, delaying and defrauding the other creditors of him, the said Martin E. Greenhouse, and cheating and defrauding them; that on December 23d, deponent, with Philip Arnold, met said Martin E. Greenhouse, by the appointment of said Martin E. Greenhouse, at the office of Martin V. Bergen, in the city of Camden, who was the attorney of said Jacob Cartun, and apparently also of said Martin E. Greenhouse; that while there conversation took place between deponent and said Arnold, Greenhouse and Bergen in relation to an indebtedness due from said Greenhouse to deponent's firm and from Greenhouse to the firm of which said Arnold is a member, and in relation to the judgment then and there stated to have been recovered by said Jacob Cartun against said Greenhouse, and that in the conversation said Greenhouse stated that in this matter he had confidence in Mr. Bergen and would do as he said, and said Martin E. Green-

house also stated that the judgment of Cartun had been recovered and that execution papers were prepared which would be used by the said Jacob Cartun or not, according to the desires of him, the said Martin E. Greenhouse, and that if it were not necessary to use said judgment to protect him, the said Martin E. Greenhouse, from other creditors the said Jacob Cartun would not use said judgment at all nor issue execution thereon; that the statements were made in the presence and hearing of said Martin V. Bergen and not denied by him.

"Deponent further avers that he is unable to say how much is due by the said Martin E. Greenhouse to said Jacob Cartun, but he believes that some portion of said judgment is not *bona fide,* and that the whole of said judgment, whether due or not, is being used as aforesaid for the said purpose of hindering, delaying and cheating and defrauding the other creditors of him, the said Martin E. Greenhouse.

"And deponent further says that said Greenhouse stated to deponent that he had several suits for collection, pending against him; that he could not meet his obligations and wanted to get a settlement with his creditors for from twenty to twenty-five cents on the dollar; that when the creditors saw this situation they would be glad to accept it."

This part of the proof has the same vice as the other, of stating conclusions, information and belief instead of facts. As to so much of it as is competent, I can only say that to my mind it is not evident that, because a debtor says that a judgment against him will not be executed, except at his desire, it may be thereby inferred that he is about to dispose of his property with intent to defraud his creditors.

The order of the Circuit Court quashing the writ of attachment must be affirmed, with costs.